DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | |
| v. | ) ) ) | Criminal Action No. 2013–006 |
| JAMAL SMITH, | ) ) ) | |
| Defendant. | ) ) | |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
   *For the United States*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
   *For the Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Dismiss (Dkt. No. 3) and the Government's Response thereto (Dkt. No. 6).  For the reasons discussed below, the Court will deny Defendant's Motion.

### I.  BACKGROUND

On February 21, 2013, the Government filed a two-count Indictment in this Court charging Defendant Jamal Smith with:  (1) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

In his Motion to Dismiss, Defendant moves for dismissal on the grounds that "[t]he District Court has no jurisdiction in this matter where the charges are currently pending in the Superior Court." (Dkt. No. 3 at 1). Defendant notes that an Information was filed in the Virgin Islands Superior Court on December 17, 2012, charging Defendant with various crimes under the Virgin Islands Code. (*Id.* (referring to *Virgin Islands v. Smith*, Crim. No. SX-12-CR-581)).[1] Defendant further argues that he "should not have to be on bail in two separate courts for the same offense and have to answer conditions of release in both courts at the same time." (*Id.* at 2).

In response, the Government argues that "[n]o law prohibits charging the same offenses against a defendant in different courts." (Dkt. No. 6 at 1). The Government further attached an Order from the Superior Court, dated February 22, 2013, dismissing the matter without prejudice, which the Government argues "renders the defendant's motion as moot." (*See id.* at 1–2; Dkt. No. 6-1 at 1).

## II. DISCUSSION

"The District Court of the Virgin Islands has subject matter jurisdiction over the prosecution of violations of federal criminal statutes occurring in the Virgin Islands." *United States v. Clark*, 123 F. Supp. 2d 314, 317 (D.V.I. 2000) (citing the Revised Organic Act of 1954,

---

[1] In Superior Court, Defendant was charged with: unauthorized possession of a firearm, in violation of 14 V.I.C. § 2253(a); possession of ammunition, in violation of 14 V.I.C. § 2256(a); failure to report firearms obtained outside or brought into the Virgin Islands, in violation of 23 V.I.C. § 470(a); alteration of identifying marks on a firearm, in violation of 23 V.I.C. § 481(a); and possession of a controlled substance with intent to distribute, in violation of 19 V.I.C. § 607(a). (*See* Dkt. No. 6-1 at 1).

§ 22(a), as amended, 48 U.S.C. § 1612).[2]  Here, Defendant is charged with two counts alleging conduct committed in the Virgin Islands that violates federal criminal statutes—namely, (1) possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); and (2) possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).  (*See* Indictment, Dkt. No. 1 at 1–2).  Therefore, the Court has subject matter jurisdiction over this case.

While Defendant recognizes—as he must—that this Court has jurisdiction over this matter pursuant to 48 U.S.C. § 1612 (*see* Dkt. No. 3 at 2), he nevertheless claims that the District Court lacks jurisdiction where the matter is pending in the Superior Court.  (*Id.*).  Defendant cites to no authority for this proposition, and the Court is unaware of any such authority.

To the extent that an objection based on double jeopardy is implicit in Defendant's argument, such a suggestion is equally unavailing.  The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Accordingly, "[t]he Double Jeopardy Clause protects criminal defendants from multiple prosecutions for the same offense." *United States v. Edwards*, Crim. No. 2010–36, 2010 WL 5394831 at *1 (D.V.I. Dec. 27, 2010).  Pursuant to the Revised Organic Act, the Fifth Amendment is extended to the Virgin Islands and "shall have the same force and effect there as in the United States or in any State of the United States."  *See* 48

---

[2] "The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States. . . ."  48 U.S.C. § 1612(a).

U.S.C. § 1561; *see also Ward v. People*, V.I. S. Ct. Crim. No. 2012–077, 2013 WL 951712 at *3 (V.I. Mar. 6, 2013).[3]

However, for Defendant "to be placed in double jeopardy, he must first have been placed in jeopardy." *See United States v. Harrigan*, 177 F. Supp. 2d 405, 408 (D.V.I. 2001). In a criminal jury trial, jeopardy does not attach until the jury is empaneled and sworn in. *See id.* In a bench trial, jeopardy attaches "when the judge begins to hear evidence." *See id.* (citing *Serfass v. United States*, 420 U.S. 377, 390 (2002)). Here, a jury had not been empaneled—and a judge had not begun to hear evidence on the charges—when the Virgin Islands Superior Court dismissed the Information without prejudice. (*See* Dkt. No. 6-1). Therefore, jeopardy had not attached with respect to the charges brought in Superior Court, and no potential double jeopardy issue was thereby created by virtue of the charges brought in the federal indictment. *See Harrigan*, 177 F. Supp. 2d at 408; *see also United States v. Wrensford*, Crim. No. 2012–012, 2012 WL 6028628 at *8 n.8 (D.V.I. Dec. 4, 2012) ("[E]ven if the local charges had not been dismissed, jeopardy would not have attached simply because charges had been filed in two jurisdictions. Jeopardy would have attached—thus creating a potential double jeopardy issue—only when a jury was empaneled and sworn in either the federal or state proceeding.") (citing *Yeager v. United States*, 557 U.S. 110, 129 (2009)).

Further, with the dismissal of the Superior Court action on February 22, 2013, any challenge to this Court's jurisdiction or otherwise based on the pendency of the Superior Court action is now moot.

---

[3] The Virgin Islands Supreme Court has held that the language in Section 3 of the Revised Act that "no person for the same offense shall be twice put in jeopardy of punishment," 48 U.S.C. § 1561, carries the same sense and meaning as the Fifth Amendment's Double Jeopardy Clause. *See Ward*, 2013 WL 951712 at *2–3.

For the same reasons, the Court is unpersuaded by Defendant's argument that he "should not have to be on bail in two separate courts for the same offense." (*See* Dkt. No. 3 at 2). Specifically, the Court finds that Defendant has provided no legal authority for such an argument, and that this argument has been rendered moot by the dismissal of the charges in Superior Court. (*See* Dkt. No. 6-1); *see also Wrensford*, 2012 WL 6028628 at *8 n.8.

### III. CONCLUSION

For the foregoing reasons, the Court rejects Defendant's challenge to this Court's jurisdiction and any objections based on double jeopardy. The Court further rejects Defendant's argument that he should not be subject to release conditions in both the local and federal courts. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 3) is **DENIED.**

**SO ORDERED.**

Date:   June 21, 2013                                       _____/s/_____
                                                            WILMA A. LEWIS
                                                            District Judge